**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1978**

BIOIBERICA NEBRASKA, INC.,

Plaintiff - Appellant,

v.

NUTRAMAX MANUFACTURING, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:18-cv-03133-SAG)

Argued:  December 6, 2022                    Decided:  January 4, 2023

Before NIEMEYER, THACKER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Lawrence J. Gebhardt, GEBHARDT & SMITH, LLP, Baltimore, Maryland, for Appellant.  Jeffrey Stuart Patterson, K&L GATES, LLP, Boston, Massachusetts, for Appellee.  **ON BRIEF:**  Gregory L. Arbogast, Robert T. Nanovsky, GEBHARDT & SMITH LLP, Baltimore, Maryland, for Appellant.  Christopher S. Finnerty, Jennifer Janeira Nagle, Boston, Massachusetts, Meghan E. Flinn, K&L GATES LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case involves a "battle of the forms" under the Uniform Commercial Code, as adopted in Maryland.

On August 14, 2017, Nutramax Manufacturing, Inc., a Maryland corporation, issued a purchase order to Bioiberica, S.A.U., a Spanish corporation located in Barcelona, Spain, for 18,000 kilograms of sodium chondroitin sulfate (a product used in the manufacture of drugs to treat osteoarthritis), to be delivered to Nutramax in three separate shipments of 6,000 kilograms each. Following receipt of the purchase order, Bioiberica shipped the first installment, which Nutramax received and accepted. Both Bioiberica and Bioiberia's subsidiary, Bioiberica Nebraska, Inc., a Nebraska corporation, apparently submitted an invoice for payment of the first shipment, which Nutramax paid. The two later shipments were interrupted by Spanish customs issues, and Bioiberica directed Bioiberica Nebraska to fill the remainder of the order from its inventory. After receiving the next two shipments, Nutramax delayed payment, prompting Bioiberica Nebraska to commence this action for payment. Nutramax thereafter paid for the two shipments, but Bioiberica Nebraska nonetheless continued this action to recover interest and collection costs, including attorneys fees, as provided by the terms of its invoice. Interest and collection costs were not, however, provided for in Nutramax's original purchase order, nor in Bioiberica's invoice. In a motion to dismiss, Nutramax argued that its purchase order controlled the terms of the transaction as Bioiberica shipped product in response to the purchase order without taking any exception to its terms. *See* Md. Code, Com. Law §§ 2–206, 2–207.

2

In its third-amended complaint, Bioiberica Nebraska alleged that it — as distinct from Bioiberica — was entitled to sue Nutramax because there had been a novation in which it and Nutramax became the operative parties to the transaction or, alternatively, that Bioiberica assigned its contract to Bioiberica Nebraska, giving Bioiberica Nebraska the right to sue for interest and attorneys fees, as provided by the terms of its invoices for payment of the material. Bioiberica Nebraska alleged that Nutramax, by agreeing to receive material from Bioiberica Nebraska and by paying Bioiberica Nebraska for the shipments, agreed to a novation or assignment. Nutramax denied agreeing to any novation or assignment, arguing that its contract was with Bioiberica in Spain and that the contract prohibited assignment. Also, no term of that contract provided for interest and collection costs — no such provision was contained in either Nutramax's purchase order or in Bioiberica's invoice.

Bioiberica Nebraska also attempted to file a fourth-amended complaint based on its recent discovery of Bioiberica Nebraska's first invoice. It claimed that in light of the discovered invoice, its theories of novation or assignment were no longer needed. The district court denied leave to file the fourth-amended complaint, concluding, among other things, that the new invoice would not, in any event, advance Bioiberica Nebraska's cause.

Addressing the third-amended complaint on the parties' cross-motions for summary judgment, the district court granted judgment to Nutramax, concluding that the facts necessary for a novation, or indeed an assignment, both of which would require Nutramax's consent, had not been sufficiently alleged.

3

Having carefully reviewed the record and received the arguments of counsel, we affirm, substantially for the reasons given by the district court in its various orders addressing the issues on Nutramax's multiple motions to dismiss Bioiberica Nebraska's various complaints and the parties' cross-motions for summary judgment.

Bioiberica Nebraska also challenged the district court's order sanctioning it for filing a motion to file a fourth-amended complaint (the fifth complaint in the case) on the ground that Bioiberica Nebraska's counsel acted in bad faith by repeatedly ignoring the district court's directions and admonitions during the course of the proceedings.  The court awarded Nutramax $4,727.50 to cover its expenses in responding to the motion to file the fourth-amended complaint.

Again, based on our review of the relevant record, we conclude that the district court did not commit any error of law, nor did it abuse its discretion.  We thus also affirm the court's ruling on sanctions.

The judgment of the district court is accordingly

AFFIRMED.

4